UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BENJAMIN CARDONA,

        Plaintiff,

v.

WARDEN – MDC FACILITY, et al.

        Defendants.

Civ. No. 12-7161 (RBK) (AMD)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff is a former federal prisoner who was previously incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Petitioner was also incarcerated at the Federal Correctional Institution ("F.C.I.") Fort Dix, in Fort Dix, New Jersey at the time he filed this action. In November, 2012, petitioner submitted his *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court administratively terminated this case at that time as plaintiff's application to proceed *in forma pauperis* was incomplete. Thereafter, plaintiff filed an amended complaint along with another application to proceed *in forma pauperis* as a prisoner. Before the Court screened that amended complaint, however, petitioner was released from prison. Indeed, according to the Federal Bureau of Prisons website, plaintiff was released from federal incarceration on August 13, 2013. *See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=benjamin&Middle=&LastName=cardona&Race=U&Sex=U&Age=&x=0&y=0* (last visited on December 4, 2013). Thereafter, on October 15, 2013, the Court ordered

1

plaintiff to re-file an application to proceed *in forma pauperis* as he was no longer a prisoner. On October 24, 2013, the Court received plaintiff's application to proceed *in forma pauperis* as a non-prisoner. Accordingly, the Clerk will be ordered to reopen this case. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein.

At this time, the Court must review the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the amended complaint will proceed in part.

## II. BACKGROUND

Plaintiff names the following defendants in the amended complaint; Dr. Abigail Lopez, Donna Zickefoose[1], Jordan Hollingsworth and the warden of MDC - Brooklyn.

The allegations of the amended complaint will be accepted as true for screening purposes. According to the amended complaint, plaintiff suffered a broken leg in June of 2011, while incarcerated at F.C.I. Fort Dix. With respect to the specific allegations against defendant Lopez, plaintiff alleges as follows:

> Dr. Abigail Lopez is the doctor in charge the FCI at Ft. Dix facility. In June, 2011, I suffered a broken leg at a sanctioned event. For two days following . . . I was denied any treatment for same. After two days I was given an x ray at the facility when it was determined that the leg was broken. I was then taken to the hospital. I was given surgery to repair the broken leg. During the year following the surgery I was scheduled to have therapy which was never given. I have complained numerous times that my leg was in pain and that I could not walk up or down stairs and was

---

[1] The amended complaint spells this defendant as Donna Zuckefoose. However, it is clear that this is only a typographical error as Donna Zickefoose was the previous warden of F.C.I. Fort Dix. Therefore, the Court will order the Clerk to correct the typographical error in the caption as such and the Court will use the correct spelling of this defendant's name in the Opinion and Order.

> scheduled to see an orthopedist on two occasions. Each time it was scheduled it was also cancelled. Over the period of the year I complained to medical and each time I was advised that I need to walk on the leg and that it would heal. I was denied medication for the same also. Finally in November of 2012 I was examined by the PA who advised that the leg was not right also that I should have been seen by an orthopedist prior as the leg did not set right, it was loose in the joints. Again I was supposedly scheduled to see an orthopedist, but was never seen. I was further advised that the surgery may have to be done over and also my leg would never be normal again. Dr. Lopez denied me proper medical care, denied me pain medication, denied therapy after the surgery and also has denied me an appointment to see an orthopedist for more than a year. At the FCI facility one must be seen by the do[cto]r in order to be referred to any other treatment. She acted with deliberate indifference with full knowledge of her actions.

(Dkt. No. 3 at p. 7.)

Zickefoose is named as a defendant as she was the previous warden at F.C.I. Fort Dix. Plaintiff alleges that she was responsible for his safety and well-being. Furthermore, plaintiff alleges that she was aware of the denial of medical care he was receiving as he wrote requests to her as per facility procedure. Nevertheless, according to plaintiff, she continued to allow him to suffer pain and denied him the proper medical care until he was transferred to another facility in November, 2012. Plaintiff alleges that defendant Zickefoose acted with deliberate indifference.

Hollingsworth is named as a defendant as he has taken over as warden of F.C.I. Fort Dix. According to the amended complaint, "[t]o date, nothing has been done by him to correct the situation or to get [plaintiff] proper or any medical care and treatment." (Dkt. No. 3 at p. 7.)

Finally, with respect to the claim against the unnamed warden of MDC – Brooklyn, plaintiff alleges as follows:

> I was housed at MDC Brooklyn as a federal prisoner awaiting a court hearing. I was housed there from May through December, 2010. As a sentenced Federal Prisoner I was to be housed in a housing unit with only federal prisoners of the same status. In the unit 4N there were all types of prisoners housed. The unit was an

3

> open dorm with only one officer. At 3 A.M. in the morning
> another inmate who was not a federal prisoner and who was not
> sentenced hit me in the face with a combination lock wrapped in a
> sock. At that time there was no correction officer on the wing. At
> that time there was only one officer for 240 inmates. I had to ring
> a bell for the officer to see me. He locked me in a room until he
> was able to get me care. I was sent to the hospital emergency and
> had to receive reconstructive surgery on my face. After the
> surgery I have had much pain and suffering. I was further advised
> that there is a possibility that additional surgery will be needed. I
> have not gotten and have been denied proper medical care for this.
> I was further advised that Federal prisoners are not permitted to be
> housed with any other status prisoners or detainees. The party was
> responsible for my custody and safety and with deliberate
> indifference allowed me to be housed with someone of other
> custody than myself and allowed me to be hurt by another inmate.
> He further allowed the housing unit that I was on to be unmanned
> at the time that I was injured.

(Dkt. No. 3 at p. 6-7.)

Plaintiff seeks injunctive relief as well as compensatory and punitive monetary damages.

### III. STANDARD OF REVIEW

A. <u>Standard for *Sua Sponte* Dismissal</u>

District courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.*

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of

"sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

   B. <u>*Bivens* Actions</u>

*Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk*, 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that *Bivens* held that a parallel right exists against federal officials); *see also Collins v. F.B.I.*, No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other.") (internal quotation marks and citations omitted).

---

Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

## IV. DISCUSSION

A. Abigail Lopez

Plaintiff claims that his constitutional rights were violated when defendant Lopez denied him medical care. With respect to alleging a constitutional claim for denial of medical care, the Third Circuit has stated the following:

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam). The Third Circuit has also noted that deliberate indifference can be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See*

*Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

"In order for liability to attach under [*Bivens*], a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard*, No. 12-4564, 2013 WL 3834399, at *2 (3d Cir. July 25, 2013) (per curiam) (citing *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

In this case, plaintiff states a deliberate indifference to a serious medical need claim against defendant Lopez. Specifically, plaintiff alleges that defendant Lopez denied him therapy, pain medication and denied him from seeing an orthopedist even after such an appointment was scheduled for the serious medical need for treatment of his broken leg. Accordingly, the amended complaint will be permitted to proceed against Lopez.

B. <u>Donna Zickefoose</u>

Plaintiff alleges that defendant Zickefoose was previously the warden at F.C.I. Fort Dix. Plaintiff cannot rely solely on a *respondeat superior* theory of liability against defendant Zickefoose due to her title as warden of the correctional facility. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)). He must allege that the supervisor had a personal involvement in the alleged wrongs. *See Rode*, 845 F.2d at 1207. "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.*

Plaintiff alleges that defendant Zickefoose became aware of the fact that he was not receiving the necessary medical care for his broken leg and subsequent treatment (or lack thereof) through written requests that he made to her per facility procedure. Typically, a plaintiff appealing grievances to the prison administrator is not enough to impose knowledge against the prison administrator of the wrongdoing. *See Croom v. Wagner*, No. 06-1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) ("[N]either the filing of a grievance nor an appeal of a grievance to Warden Wagner is sufficient to impose knowledge of any wrongdoing.") (citing *Rode*, 845 F.2d at 1208; *Pressley v. Blaine*, No. 01-2468, 2006 U.S. Dist. LEXIS 30151, at *17 (W.D. Pa. May 17, 2006) (citing *Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983))); *see also Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (per curiam) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior*. The District Court properly dismissed Alexander's claims as against Defendants Klem and Burks, as the allegations related to these defendants merely assert their involvement in the post-incident grievance process.") (internal citation omitted).

However, in this case, plaintiff alleges an ongoing constitutional violation. Indeed, he alleges that he did not receive proper treatment for his leg for over a year. Furthermore, he alleges that defendant Zickefoose was made aware of this ongoing violation through plaintiff's written requests per facility procedure. Numerous courts have explained that a plaintiff states a claim by alleging that a supervisory defendant reviewed a grievance where the plaintiff alleges an ongoing violation as she "'is personally involved in that violation because [s]he is confronted with a situation [s]he can remedy directly.'" *Carter v. Smith*, No. 08-279, 2009 WL 3088428, at *6 (E.D. Pa. Sept. 23, 2009) (quoting *Harnett v. Barr*, 538 F. Supp. 2d 511, 524-25 (N.D.N.Y. 2008)); *see also Zappulla v. Fischer*, No. 11-6733, 2013 WL 1387033, at *10 (S.D.N.Y. Apr. 5,

8

2013) ("[T]he Complaint further alleges that Defendant Lee, after being informed of that ongoing violation through the grievance process, failed to remedy that wrong. Those allegations . . . are adequate to state a claim against Lee.") (citations omitted); *Whitehead v. Rozum*, No. 11-102, 2012 WL 4378193, at *2 (W.D. Pa. Aug. 7, 2012) ("In the prison setting, where a grievance alleges an ongoing constitutional violation, a supervisory defendant who reviews it is personally involved in that violation because he is confronted with a situation he can remedy directly.") (citations omitted), *report and recommendation adopted by*, 2012 WL 4370929 (W.D. Pa. Sept. 24, 2012); *Williams v. Johnson*, No. 10-1290, 2011 WL 1396967, at *5 (E.D. Va. Apr. 11, 2011) ("In support of his argument, Williams states that Johnson was made aware of these violations through appeals to denials of grievances that Williams filed. To the extent that the [allegations] relate to ongoing constitutional violations that defendant Johnson was made aware of, Williams has plausibly stated a claim for which Johnson made be liable."); *Binsack v. Lackawanna Cnty. Prison*, No. 10-535, 2010 WL 4973309, at *3 (M.D. Pa. Oct. 14, 2010) ("A prisoner's grievance or complaint regarding ongoing abuse may be sufficient to put a prison official on notice of such abuse by other prison staff and therefore may show actual knowledge of an alleged constitutional violation and acquiescence in the events forming the basis of a prisoner's claims.") (citing *Atkinson v. Taylor*, 316 F.3d 257, 270-71 (3d Cir. 2003)), *report and recommendation adopted by*, 2010 WL 4956329 (M.D. Pa. Dec. 1, 2010). In this case, as plaintiff alleged an ongoing violation that defendant Zickefoose was made aware of through his written requests per facility procedure, he has stated a deliberate indifference claim against her. The claim against Zickefoose will be permitted to proceed.

C. Jordan Hollingsworth

Plaintiff alleges that defendant Hollingsworth has taken over as warden of F.C.I. Fort Dix. However, unlike defendant Zickefoose, plaintiff does not allege that defendant Hollingsworth was ever given sufficient knowledge of the purported ongoing constitutional violation through written requests that plaintiff made to him. Accordingly, the amended complaint fails to state a claim against defendant Hollingsworth as plaintiff bases his deliberate indifference claim against him on a theory of *respondeat superior*. *See Evancho*, 423 F.3d at 353 (stating that liability under § 1983 cannot be premised solely on the theory of *respondeat superior*). Therefore, the claim against defendant Hollingsworth will be dismissed without prejudice.

D. Warden of MDC – Brooklyn

Finally, plaintiff raises a deliberate claim against the unnamed warden of MDC – Brooklyn. The deliberate indifference claim arises from an incident occurring while petitioner was incarcerated at MDC – Brooklyn, not at F.C.I. Fort Dix. Furthermore, the injury that plaintiff suffered at MDC – Brooklyn does not relate to the broken leg injury giving rise to the claims against the F.C.I. Fort Dix defendants. Plaintiff's attempt to join the warden of MDC – Brooklyn to this action violates the rules governing joinder of defendants in civil litigation. Federal Rule of Civil Procedure 20(a)(2) states as follows:

> (2) ***Defendants***. Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2). In this case, plaintiff's claim against the warden of MDC – Brooklyn does not arise out of the same transaction or occurrence as the F.C.I. Fort Dix defendants. Indeed, the claim against the MDC – Brooklyn warden arises from a completely different incident while plaintiff was incarcerated at a different correctional facility and in which plaintiff suffered completely different injuries than the incidents giving rise to the claims against the F.C.I. Fort Dix defendants. Accordingly, the claim against the warden of MDC – Brooklyn will be dismissed without prejudice as that defendant is improperly joined to the amended complaint.

## V.  CONCLUSION

The amended complaint will proceed against defendants Lopez and Zickefoose on plaintiff's deliberate indifference to a serious medical need claim. An appropriate order will be entered.

DATED: December 6, 2013

                                                  s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge